UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JASON L. SANDERS,

        Plaintiff,                       Case No. 1:25-cv-598

v.                                          Honorable Sally J. Berens

UNKNOWN LAMB et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.8.)

Plaintiff has filed a motion for leave to proceed *in forma pauperis* in this matter. (ECF No. 2.) However, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). That means payment should precede preliminary review pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), which the Court is required to conduct prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a

court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named defendant has not yet been served, the undersigned concludes that the defendant is not presently a party whose consent is required to permit the undersigned to enter an opinion, order, and judgment denying Plaintiff leave to proceed *in forma pauperis* and dismissing this action without prejudice. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent

from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

As set forth below, Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[2] Accordingly, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in Section 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, or failed to state a claim. *See, e.g., Sanders v. Washington*, No. 1:21-cv-1091 (W.D. Mich. Jan. 27, 2022); *Sanders v. Washington*, No. 1:21-cv-510 (W.D. Mich. Feb. 25, 2022); *Sanders v. Washington*, No. 1:21-cv-54 (W.D. Mich. Mar. 19, 2021). Additionally, Plaintiff previously has been denied leave to proceed *in forma pauperis* because he has accrued at least

4

three strikes. *See Sanders v. Treptow*, No. 1:22-cv-956 (W.D. Mich. Dec. 5, 2022); *Sanders v. Macauley*, No. 1:22-cv-363 (W.D. Mich. June 13, 2022); *Sanders v. Chapman*, No. 1:22-cv-362 (W.D. Mich. June 13, 2022); *Sanders v. Tenerella*, No. 1:22-cv-252 (W.D. Mich. Apr. 14, 2022).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

5

Plaintiff is currently incarcerated at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County, Michigan. The events about which he complains, however, occurred at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. Plaintiff sues IBC personnel Prison Counselor Unknown Lamb, Lieutenant Unknown Ramirez, Corrections Officer Unknown Michielle, and Registered Nurse Unknown Rachet in their official and personal capacities.

Plaintiff alleges that he transferred into IBC on March 20, 2025, and after being processed by health services, Plaintiff entered housing unit 5 with his C-Pap machine and medical detail accommodations. (ECF No. 1, PageID.3.) Plaintiff immediately checked to see if it had a working electrical socket, but neither of the sockets worked. Plaintiff reported this to Officer Russell (not a defendant), who told Plaintiff to report the issue to Defendants Lamb and Ramirez. (*Id.*) Officer Russell told Plaintiff that Defendants Lamb and Ramirez had a policy of waiting three to five days to turn the power back on after prisoners had blown a fuse in order to punish prisoners for misuse of the electrical sockets in the cells. (*Id.*)

The next morning, Plaintiff complained to Defendant Michielle about the lack of a working socket and showed him his medical accommodation, which stated that Plaintiff needed to have access to a working electrical socket. (*Id.*) Plaintiff explained that he could stop breathing while asleep due to his sleep apnea and asthma. (*Id.*) Defendant Michielle stated that Plaintiff would need to speak to Defendants Lamb and Ramirez during their rounds. (*Id.*)

Plaintiff subsequently made the same complaint to Defendant Lamb who stated, "My policy is that I don't do friendly moves, you need to get with the sergeant or lieutenant to get the power turned back on in your cell. I moved you into that cell on B-lower and I'm not moving you again, medical issues or not…" (*Id.*) Defendant Lamb told Plaintiff he should tell the prisoners in

6

the cells next to Plaintiff to stop misusing the sockets in order to smoke. (*Id.*, PageID.3–4.) Plaintiff asked Defendant Lamb why there was no cell inventory process to protect Plaintiff from being punished for the broken sockets. (*Id.*, PageID.4.) Defendant Lamb responded, "Get with your neighbors, that's all I'm gonna say on that." (*Id.*)

One of the sergeants turned the power on about four days later, but the power was "blown" again by one of the prisoners in a cell connected to the power in Plaintiff's cell. (*Id.*) Plaintiff told Defendant Ramirez that his electrical socket was not working and showed him a copy of his special accommodation detail from the doctor which required that he have access to electricity for his C-Pap machine. (*Id.*) Plaintiff also complained about the lack of a cell inventory process. (*Id.*) However, Defendant Ramirez took no action to help Plaintiff and said, "You better get with your neighbors and tell them to stop blowing your power I'll see you in 5 days, you guys figure it out." (*Id.*)

The power was not turned back on after five days and by April 8 or 9, 2025, Plaintiff pleaded with Defendant Michielle to contact a sergeant or lieutenant to turn the power on. However, Defendant Michielle merely stated, "Get with your P.C., this is above my pay rate." (*Id.*)

Plaintiff then showed his medical accommodation to Defendant Rachet and explained that his power was constantly being blown out and that he was being exposed to secondhand smoke through the heating vents which are attached to the calls on both sides. (*Id.*) Plaintiff explained that there was an unofficial policy by the sergeant and lieutenant to refuse to turn the cell power back on and that he had kited health care, had complained to the unit P.C., and had made a request to be moved to no avail. (*Id.*, PageID.4–5.) Defendant Rachet stated, "This is not a medical issue, I do not care about your cell's power or your detail, if you['re] having difficulty breathing from secondhand smoke, tell your buddies to stop smoking." (*Id.*, PageID.5.)

7

Plaintiff states that between March 19, 2025, and April 13, 2025, he suffered from minor asthma attacks, chest pains, insomnia, headaches, dizzy spells, stress, and depression." (*Id.*)

The Court notes that at the time he filed his complaint in this case, Plaintiff was residing at JCF (*Id.*, PageID.9) and was no longer under the control of any of the named Defendants. In addition, Plaintiff fails to allege any facts regarding his conditions at JCF, much less any facts showing that he was in imminent danger at the time he filed this lawsuit.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under Section 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

## **Conclusion**

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[3]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing

---

[3] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.

8

fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.


Dated:   June 25, 2025                                      /s/ Sally J. Berens
                                                            SALLY J. BERENS
                                                            United States Magistrate Judge